**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eder Miguel Espiritu-Hernandez, | No. CV-26-4548-PHX-KML |
| Petitioner, | CV-26-4637-PHX-KML |
| v. | **ORDER** |
| John E Cantu, et al., | |
| Respondents. | |

On June 29, 2026, petitioner Eder Miguel Espiritu-Hernandez filed a pro se petition for a writ of habeas corpus. That petition was docketed with case number CV-26-4548. On July 2, 2026, petitioner through counsel filed a petition for writ of habeas corpus. That petition was docketed with case number CV-26-4637. Respondents filed a response in the counseled case. Among other arguments in their response, respondents argued petitioner was properly classified as subject to mandatory detention but conceded he "appears to be a member of the Bond Eligible Class" in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] (Doc. 6 at 2-7.) At the end of their response, respondents stated they oppose the request for immediate release or a bond hearing, but they "request that any order granting Petitioner relief direct the Respondents

[1] The Court is aware the Ninth Circuit Court of Appeals has stayed some orders in *Bautista*, in part, pending resolution of the appeal challenging the district court's class certification order and final judgment. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Mar. 31, 2026). The stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner is entitled to relief in the form of release or a bond hearing.

to provide a bond redetermination hearing within fourteen (14) days or release Petitioner from custody under the same conditions that existed before detention." (Doc. 6 at 7.) Petitioner's counsel filed a reply, arguing for immediate release or a bond hearing within seven days. (Doc. 7 at 4.)

Respondents may have conceded petitioner is entitled to relief in the form of a bond hearing, provided the court allows for at least fourteen days to conduct that hearing. But even if respondents did not concede, petitioner has shown he was not "seeking admission" such that he is subject to mandatory detention under § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, 175 F. 4th 61 (2d Cir. 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). In these circumstances, the court grants the petition in the counseled case to the extent respondents must provide a bond hearing at which the Immigration Judge resolves the request on its merits. The petition in the non-counseled case is dismissed as moot.

Accordingly,

**IT IS ORDERED**:

1. Petitioner's petition for writ of habeas corpus in CV-26-4637 (Doc. 1) is **GRANTED** to the extent it seeks a bond hearing. The clerk of court shall enter judgment in petitioner's favor in CV-26-4637 and close that case.

2. Respondents must provide petitioner a bond hearing within fourteen days or release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within three days of releasing petitioner or providing him a bond hearing. That notice must include the result of the bond hearing.

/

/

/

/

/

4. The petition for writ of habeas corpus in CV-26-4548 is **DIMISSED AS MOOT**. The clerk of court shall enter judgment in CV-26-4548 and close that case.

5. The clerk of court shall docket this order in CV-26-4548 and CV-26-4637.

Dated this 9th day of July, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**